IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) Civ. No. 16-00517 DKW/RLP ) ) DISMISSAL ORDER |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PATRICIA SELLS, | ) ) |
| Defendant. | ) ) |

## DISMISSAL ORDER

Before the court is pro se Plaintiff Francis Grandinetti's prisoner civil rights Complaint. Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. Plaintiff has not paid the $400.00 filing and administrative fees or filed an Application to Proceed In Forma Pauperis. He apparently seeks to renew claims that he previously raised regarding alleged injuries he has received at SCC since 2008. Grandinetti alleges that Defendant Patricia Sells, SCC "Regional Health Services Director," supervisor with the Corrections Corporation of America (CCA), and alleged agent of the Hawaii Department of Public Safety (DPS), has denied him medical transfers. *See* Compl., ECF No. 1, PageID #1. The Court will dismiss this action.

## I. 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis if he has:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[T]he district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Grandinetti has accrued three strikes pursuant to 28 U.S.C. § 1915(g),[1] and has been notified many times regarding these strikes. He may not proceed without

---

[1] *See, e.g.*, *Grandinetti v. FTC Seg. Unit Staff*, 426 F. App'x 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, 1:05-cv-00442 JMS-BMK (D. Haw. 2005); *Grandinetti v. Stampfle*, 1:05-cv-00692 HG-LK (D. Haw. 2005). *See* http://pacer.psc.uscourts.gov.

complete concurrent payment of the civil filing and administrative fee, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. **NO IMMINENT DANGER**

Availability of the imminent danger "exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Grandinetti refers to injuries he allegedly received and challenged since 2008.[2] In fact, Grandinetti recently sought to renew these very same claims in *Grandinetti v.Stampfle*, 1:16-cv-00436 JMS/RLP, against a different defendant. In that action, Grandinetti attached five Medical Requests that he had submitted to SCC personnel, that showed Grandinetti received responses to his requests for care. *See* Compl., 1:16-cv-00436 JMS/RLP, PageID #3-7. Here, Grandinetti

---

[2] Grandinetti lists: "handcuffing injuries (mangled wrists), a cracked right thumb, a fractured/cracked left shoulder, forearm atrophy, weight loss, acne, a hernia (inquinal soft-fracture), blindness, eye/nasal damages, dental damages, diet/meal errors, etc." *See* Compl., 1:16-cv-00517, ECF 1, PageId #1.

attaches three Medical Requests dated January to February 2016, in which he sought a medical exam before appearing for a parole hearing in April 2016. *See* Compl., 1:16-cv-00517, ECF 1, PageId #2-4. These Requests show that SCC personnel addressed his request but Grandinetti *refused to attend* any medical appointments. *Id.*, PageID #4. These incidents cannot support a claim of imminent danger in this action. Moreover, Grandinetti provides no explanation why venue for his claims, concerning events that allegedly occurred in Arizona and are alleged against an Arizona resident, is proper in the District of Hawaii. *See* 28 U.S.C. § 1391(b).

Grandinetti has not made a credible or coherent allegation that he is in imminent danger of serious physical injury and his allegations do not plausibly support such a finding. The Court dismisses without prejudice Grandinetti's Complaint and this action, pursuant to 28 U.S.C. § 1915(g). If Grandinetti wishes to reassert these claims in the future, he must prepay the entire $400.00 filing and administrative fees when he files his action and must file his complaint on the required court-approved form. He is further notified that venue for these claims arises in the District of Arizona, not the District of Hawaii.

## III.  CONCLUSION

(1)  This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g), for Grandinetti's failure to concurrently pay the civil filing fee when he filed his Complaint and commenced this action.

(2)  The Clerk of Court is DIRECTED to close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: October 13, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_____

*Francis Grandinetti v. Patricia Sells*; Civil No. 16-00517 DKW-RLP;
**DISMISSAL ORDER**

*Grandinetti v.Sells, 1:16-cv-00517 DKW/RLP; 3 stks 2016 Grandinetti v. Sells 16-517 (no dgr, past alleg of harm)*