IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | ) CIV. NO. 16-00517 DKW/RLP )  |
|  Plaintiff, | ) ORDER DENYING MOTION FOR ) RECONSIDERATION ) |
| vs. | ) ) |
| PATRICIA SELLS, | ) ) |
|  Defendant. | ) ) |
| _____ | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On September 21, 2016, Plaintiff commenced this prisoner civil rights action. ECF No. 1. Because Plaintiff neither paid the filing fee nor submitted an in forma pauperis ("IFP") application, the court issued an automatic Deficiency Order requiring payment of the filing fee or submission of an IFP application within thirty days. ECF No. 3.

On October 12, 2016, the court screened Plaintiff's complaint as required under 28 U.S.C. § 1915(e) and determined that he had accrued three strikes pursuant to § 1915(g) and failed to allege facts showing he was in imminent danger of serious physical injury.

On October 14, 2016, the court dismissed the action without prejudice to Plaintiff refiling his claims in a new action with concurrent payment of the filing fees. *See* ECF No. 4. Judgment entered that day. ECF No. 5.

On October 28, 2016, Plaintiff moved to "Enlarge or Extend IFP Orders on Deadlines for 30 Additional Days." ECF No. 6. Plaintiff submitted several copies of his recent Medical Requests in support of this Motion. *Id.* The court reviewed the Motion and Plaintiff's new Medical Requests and determined that they did not support a determination that Plaintiff was in imminent danger of serious physical injury when he filed the Complaint or Motion. The court denied Plaintiff's Motion for an extension of time to submit an IFP application or payment, and, to the extent Plaintiff sought reconsideration, denied that request. ECF No. 7.

On November 2, 2016, Plaintiff filed a document titled "Written Pro Se Objections to Dismissal Order Filed on October 14, 2016," seeking reconsideration under Federal Rule of Civil Procedure 59(e). ECF Nos. 8 and 8-1 (mailing documentation, "Written Objections, on 10-day rule, FRCP 59").

## I.  LEGAL STANDARD

When a ruling has resulted in a final judgment or order -- as the court's October 14, 2016 Order did -- a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure

59(e) or a motion for relief from judgment under Rule 60(b).  *Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Because Plaintiff filed his Motion within twenty-eight days after entry of judgment and explicitly states he is objecting pursuant to Rule 59, the court applies Rule 59(e).

Amending a judgment after entry is "an extraordinary remedy which should be used sparingly."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).  A Rule 59(e) motion may be granted if:

> (1) such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) such motion is necessary to present newly discovered or previously unavailable evidence;
>
> (3) such motion is necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  In unusual circumstances, a court may also consider other grounds for amending or altering a judgment under Rule 59(e).  *Id.* (allowing amendment for clerical errors).  "A motion for reconsideration is not intended to be used to reiterate arguments, facts and law already presented to the court."  *Welch v. Sisto*, 2008 WL 4455842, at *1 (E.D. Cal. Oct. 3, 2008).

## II. ANALYSIS

Plaintiff complains that the October 14, 2016 Order cited incorrect cases to support a finding that he has accrued three strikes under § 1915(g).  He argues that the court should instead cite to cases that he filed against Defendant Sells and others to find that he has accrued three strikes.  Plaintiff is mistaken.  The cases cited in the October 14, 2016 Order clearly support a finding that he has accrued three strikes.

Plaintiff alleges the court erred because he "should be" in the infirmary, rather than the housing unit to which he is assigned.  Mot., ECF No. 8,PageID #25.  Regardless of where Plaintiff is currently housed, which was not addressed in the October 14, 2016 Order, Plaintiff has accrued three strikes and did not allege facts supporting a finding that he was in imminent danger of serious physical injury when he filed this action.

Plaintiff alleges new facts claiming that Defendant Sells failed to post memoranda on his cell door, gave him the wrong colored jumpsuit, and failed to issue him a plastic wristband.  These facts do not support a finding that Plaintiff was in imminent danger of serious physical injury.

Plaintiff quibbles with the October 14, 2016 Order's misspelling of "inguinal," and failure to discuss every ailment that he raised in support of his

Complaint. Regardless, Plaintiff's Motion provides no basis to amend the judgment, make additional findings, or reconsider rulings in this action.

Plaintiff cites no change in the controlling law, provides no new and relevant evidence, or extraordinary circumstances justifying the need to correct a clear error or prevent manifest injustice. In short, Plaintiff fails to (1) "demonstrate reasons why the court should reconsider its prior decision," or (2) "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hele Ku KB, LLC v. BAC Home Loans Servicing, LP*, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).

Plaintiff's Motion for Reconsideration brought pursuant to Fed.R.Civ.P. 59(e) is DENIED. IT IS SO ORDERED.

DATED: November 7, 2016 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*Francis Grandinetti v. Patricia Sells*; Civil No. 16-517 DKW/RLP; **ORDER DENYING MOTION FOR RECONSIDERATION**

*Grandinetti v. Sells*, 1:16-cv-00517 DKW/RLP; 2016 Recon Grandinetti 16-517 dkw (dny R59)